UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESAPEAKE EXPLORATION L.L.C., *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION H-07-2565 |
| VALENCE OPERATING COMPANY, *Defendant*. | § § § § | |

## ORDER

Pending before the court is defendant's motion to dismiss for lack of subject-matter jurisdiction or alternatively, join necessary parties. Dkt. 6. Upon consideration of the motion, plaintiff's response, defendant's reply, and the applicable law, the motion is DENIED.

### BACKGROUND

In October 2005, Chesapeake Exploration paid a total of $66,000 to lease 1,680 acres in Victoria County, Texas ("the Land") from ConocoPhillips. In December 2006, Valence Operating wrote a letter to ConocoPhillips claiming the Land was subject to an oil and gas lease held by Valence under an October 1975 Joint Operating Agreement. In August 2007, claiming diversity jurisdiction under 28 U.S.C. § 1332, Chesapeake filed suit in the Southern District of Texas seeking a declaratory judgment that either (1) the lands leased to Chesapeake are not subject to any oil and gas lease or the 1975 joint operating agreement, or (2) the 1975 joint operating agreement be removed as a cloud on Chesapeake's title. Valence counterclaimed for declaratory judgment to the opposite effect and added claims for tortious interference with contract, and slander of title. Valence also added a third party claim for declaratory judgment against ConocoPhillips subject to its current motion for dismissal pursuant to Rule 12(b)(1). Valence now moves the court to dismiss the action

for lack of jurisdiction or alternatively to order Chesapeake to join all of the member of the 1975 joint operating agreement.

## ANALYSIS

**1.     Jurisdiction**

Chesapeake predicated federal subject-matter jurisdiction on diversity under 28 U.S.C. § 1332.  The statute reads in relative part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
>     (1) citizens of different States....

§ 1332(a).

**A.     Citizenship**

The parties do not dispute that there is complete diversity of citizenship among them.  However, "[courts] have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 126 S. Ct. 1235, 1244 (2006).  The party seeking access to the federal forum based on diversity bears the burden of establishing that the requirements are satisfied. *Garcia v. Koch Oil of Tex., Inc.* 351 F.3d 636, 638 (5th Cir. 2003).  For jurisdictional purposes, the citizenship of a limited liability company, an unincorporated entity, is determined by looking at the citizenship of each of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *Handelsman v. Bedford Vill. Assocs. Ltd. P'Ship*, 213 F.3d 48, 51-52 (2d Cir. 2000); *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) (Posner, J.).  When there is a defective allegation of citizenship, a party may amend its allegations to cure the defect.  *D.J. McDuffie, Inc. v. Old Reliable Fire Ins. Co.,* 608

F.2d 145, 146 (5th Cir. 1979). The court finds that the plaintiff Chesapeake Exploration LLC made defective allegations of citizenship by not demonstrating the citizenship of its members. However, Chesapeake is given leave to amend its complaint to allege its citizenship fully.

  **B.**   **Jurisdictional Minimum.**

  The parties also do not dispute that Chesapeake could show actual damages of $66,000—the amount paid to ConocoPhillips to lease the Land. However, Valence argues that Chesapeake can show no more than $66,000, because damages based on unproved reserves are too speculative to be used in the calculations. Both parties submitted expert reports detailing the value, or lack thereof, to be placed on wells yet to be drilled on the Land. Unsurprisingly, the experts do not agree. In order "for a federal court to decline diversity jurisdiction on the basis that the amount in controversy is inadequate, it must appear to a legal certainty that the claim is for less than the jurisdictional amount." *Liberty Surplus Ins. Corp. v. Slick Willie's*, No. H-07-706, 2007 WL 1795860, *3 (S.D. Tex. Jun. 21, 2007) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002)); *see also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288, 58 S. Ct. 586 (1938). Therefore, the question before the court is whether it is more likely than not that Chesapeake's claim for declaratory judgment will include the extra $9,000—over and above the $66,000 conceded by all the parties—needed to meet the jurisdictional minimum of $75,000.

  Fortunately, the issue of the jurisdictional amount may be decided without reference to the calculations of the reserves—proven or unproven. It is well-settled that attorney's fees may be included in the determination of the amount in controversy if they are provided for by state statute. *Foret v. Southern Bureau Life Ins. Co.*, 918 F.2d 534, 537 (5th Cir. 1990). Section 37.009 of the Texas Civil Practice and Remedies Code allows for recovery of attorney's fees. TEX. CIV. PRAC. &

REM. CODE § 37.009. And, Texas courts have routinely held that an award of attorney's fees is appropriate in a declaratory judgment action. *Barshop v. Medina Underground Water Conservation Dist.*, 925 S.W.2d 618, 637 (Tex. 1996); *see also Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 412 (5th Cir. 2006). Chesapeake included in its complaint a claim for attorney's fees under § 37.009. It is reasonable to assume that, based on the complexity of the issues, and the presence of the counterclaims and third-party claims, it is more likely than not that reasonable attorney's fees would total more than $9,000. Put another way, when the court adds the possible attorney's fees to the money Chesapeake paid for the lease, it does not appear to a legal certainty that the claim is for less than the jurisdictional amount. Therefore, the jurisdictional amount has been met. Accordingly, the motion to dismiss for lack of jurisdiction is denied.

**2.      Joinder of Necessary Parties**

Valence argues alternatively that Chesapeake must join all of the parties to the 1975 joint operating agreement.

> When declaratory relief is sought, all persons who have or claim any interest that would be affected by the declaration must be made parties. A declaration does not prejudice the rights of a person not a party to the proceeding.

TEX. CIV. PRAC. & REM. CODE § 37.006(a). Chesapeake made no response to this argument. "As a general rule, trial courts exercise broad discretion in matters of joinder." *Davis v. Devon Energy Prod. Co.*, 136 S.W.3d 419, 421 (Tex. App.—Amarillo 2004, no pet.). The inquiry into whether a party must be joined under § 37.006(a) involves an assessment of the rights of the third parties vis-a-vis the controversy at issue. *See Id.* (citing *Davis v. Weatherston*, No. 04-00-0533-CV, 2002 WL 871407 (Tex.App.—San Antonio, May 8, 2002, no pet.)); *Phillips v. Suntex Oil & Gas Co.*, 419 S.W.2d 422, 428-29 (Tex. Civ. App.—Amarillo, 1967, writ ref'd n.r.e.). Here neither party has

provided the court with enough information to determine these rights. Therefore, in the absence of such explanation, the motion is denied.

## CONCLUSION

Pending before the court is Valence's motion to dismiss for lack of jurisdiction, or in the alternative, motion for joinder of necessary parties. For the foregoing reasons, the motions are DENIED. However, the court finds that Chesapeake Exploration, LLC has made defective allegations regarding the citizenship of its members. Accordingly, it is ORDERED that Chesapeake Exploration, LLC amend its complaint to cure this defect within 30 days of the date of this order.

It is so ORDERED.

Signed at Houston, Texas on November 5, 2007.

_____
Gray H. Miller
United States District Judge