UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHESAPEAKE EXPLORATION, L.L.C., *Plaintiff*, | § § § | |
| v. | § § | |
| VALENCE OPERATING COMPANY, *Defendant/Third-Party Plaintiff*, | § § § | CIVIL ACTION H-07-2565 |
| v. | § § | |
| CONOCOPHILLIPS COMPANY, *Third-Party Defendant*. | § § § | |

ORDER

Pending before the court is ConocoPhillips' ("COPC") motion to dismiss. Dkt. 25. Upon consideration of the motion, the responses, the reply, and the applicable law, COPC's motion is DENIED without prejudice to reurge its arguments later as a motion for summary judgment.

**1.     Motion to Dismiss Pursuant to Rule 12(b)(1).**

COPC first moves for dismissal pursuant to 12(b)(1). It argues that "Valence's Third-Party Complaint against COPC is premised on the validity of [Chesapeake's] claims against Valence." Dkt. 25. COPC then urges that Chesapeake's claims are unmeritorious. COPC reasons that since the lease under which Chesapeake is suing has expired, Chesapeake has no claim against Valence and thus no standing. This type of argument confuses or conflates the concept of the federal courts' subject matter jurisdiction with the essential ingredients of a federal claim for relief. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235, 1238 (2006). "[T]he absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.*, the courts' statutory or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

89, 118 S. Ct. 1003 (1998). Whether Chesapeake's contract with COPC is valid goes directly to the merits of the case and is therefore by definition not an issue of standing. Accordingly, COPC's motion to dismiss on 12(b)(1) fails.

**2.      Motion to Dismiss Pursuant to Rule 12(b)(6).**

CPC next moves for summary judgment pursuant to 12(b)(6) for failure to state a claim on which relief may be granted. COPC argues that, regardless of the status of the Chesapeake lease, "Chesapeake has no claim because it only received a quitclaim lease from COPC , under which it cannot be a bonafide purchaser with rights against Valence." Dkt. 30 at 1-2. The Fifth Circuit has "observ[ed] that 'the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598). The court does not look beyond the face of the pleadings when determining whether the plaintiff has stated a claim under Rule 12(b)(6). *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

In considering 12(b)(6) motions, courts generally must accept the factual allegations contained in the complaint as true. *Kaiser*, 677 F.2d at 1050. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [but] a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)) (internal citations omitted). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965 (supporting facts

must be plausible—enough to raise a reasonable expectation). Because under Rule 14(a) COPC may assert Valence's defenses against Chesapeake, the court examines both complaints in this case: Chesapeake's first amended complaint against Valence, and Valence's third party complaint against COPC.  Dkts. 7 & 23.

### A. Chesapeake's Complaint

In its first amended complaint, Chesapeake alleges that it leased mineral rights in certain property from COPC.  Dkt. 23.  Valence sent correspondence to Chesapeake indicating its belief that Valence had a prior and superior right to the same minerals under a 1975 Joint Operating Agreement assigned to Valence in 1991 by COPC's predecessor in interest.  For the purposes of a 12(b)(6) motion, the court accepts all of these facts as true.  Chesapeake requests that the court enter a declaratory judgment regarding the rights of the respective parties to the land at issue.  Under the liberal pleading standard of Rule 8, Chesapeake has alleged sufficient facts to state a plausible claim under Rule 12(b)(6).  Any finding regarding the validity of the Chesapeake contract or the deed granted to Valence would require that the court go beyond the face of the complaint.  Therefore, COPC's motion to dismiss Chesapeake's complaint under 12(b)(6) fails.

### B. Valence's Third Party Complaint

In its third party complaint, Valence alleges that COPC's predecessor in interest assigned all of its interests in the subject lands to Valence under a Joint Operating Agreement that still remains in effect.  Dkt. 7.  COPC then leased those same lands to Chespeake.  Again, for the purposes of a 12(b)(6) motion, the court accepts the facts as pled to be true.  Valence requests that the court enter a declaratory judgment regarding the rights of the parties to the land at issue.  The Texas Civil Practice and Remedies Code states that "[w]hen declaratory relief is sought, all persons who have

or claim any interest that would be affected by the declaration must be made parties." TEX. CIV. PRAC. & REM. CODE ANN. § 37.006(a). Valence has pled sufficient facts to state a plausible claim that COPC's interest in the subject lands would be affected. Any finding regarding the status of the deed conveying the lands to Valence would require the court to go beyond the face of the complaint. Accordingly, COPC's motion to dismiss Valence's third party complaint under 12(b0(6) fails.

**3.      Texas Declaratory Judgment Act.**

In a footnote to its motion to dismiss, COPC asserts that Valence's claim for attorneys' fees under the Texas Declaratory Judgment Act must fail because this case is governed by the Federal Declaratory Judgment Act which contains no attorneys' fees provision. Dkt. 25, n.7. Later, in its reply COPC argues that "no party contests COPC's position that the Federal Declaratory Judgment Act applies to this case." Dkt. 30 at 2. The court declines to rule on this point because its unorthodox inclusion in the motion may have caused the opposing parties to overlook this point. Moreover, since the court has denied COPC's motion to dismiss, the parties will have ample opportunity to address the issue later.

**4.      Conclusion**

Pending before the court is COPC's motion to dismiss. For the foregoing reasons, the motion is DENIED without prejudice to reurge these arguments in a motion for summary judgment.

It is so ORDERED.

Signed at Houston, Texas on January 7, 2008.

_____
Gray H. Miller
United States District Judge